7/23/2025 2:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 103498307
By: Taiasha Bradford
Filed: 7/23/2025 2:43 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **RICHARD FERNANDEZ, JR.** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SIG SAUER, INC., and** | § | |
| **CTC GUNWORKS LLC** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Richard Fernandez, Jr. ("Officer Fernandez") files his Original Petition against Defendants Sig Sauer, Inc. ("SIG") and CTC Gunworks LLC ("CTC" and collectively with SIG, "Defendants"), and in support thereof, respectfully shows the Court the following:

## I.
## INTRODUCTION

1.      Officer Fernandez, an experienced senior police officer with the Houston Police Department, was shot on January 20, 2025 while directing traffic for Martin Luther King, Jr. Day community events.  The reality that police officers put themselves in danger every single day comes as no surprise, but the circumstances surrounding this shooting are nothing short of shocking. Officer Fernandez's own gun went off, while fully holstered, and without anyone ever pulling the trigger. There have been hundreds of other instances in which this particular gun—the SIG P320 semi-automatic pistol—goes off by itself, but SIG and CTC have failed to take the obvious and reasonable steps of either modifying the P320's defective design or at the very least, warning the general public of its propensity to unintentionally discharge. As a result of these and other failures, Officer Fernandez sustained life-altering injuries.

Certified Document Number: 121716369 - Page 1 of 23

2.     SIG is a leading designer and manufacturer of firearms. SIG's firearms are used by the U.S. military, law enforcement agencies all over the country, and hundreds of thousands of civilians throughout the State of Texas and the United States. Despite its popular and commercially successful status, SIG continues to market and sell fatally defective guns both directly, and through retail sellers, and it has done utterly nothing to recall the hundreds of thousands of defective P320 semi-automatic pistols since the P320 hit the market in 2014.

3.     SIG's design of the P320 pistol is unreasonably dangerous for its intended uses. The weapon is defective because it unintentionally discharges when the user did not pull the trigger or, as in this case, when the gun is holstered and the user is not even handling the gun at all.

4.     Instead of acknowledging the dangerous defects associated with this weapon, SIG and its sellers have doubled-down claiming there is nothing wrong with the P320's design and any contention otherwise, is simply "anti-gun propaganda driven by the mainstream media and greedy trial attorneys." Knowing full well that there are serious problems with this gun, SIG instead allows gunowners to play Russian Roulette as to the next time the P320 will spontaneously discharge without anyone ever pulling the trigger. It has chosen to ignore the increasingly prevalent risk that P320s's unintentional discharges will cause serious injury or death.

5.     Not only has SIG failed to acknowledge the P320's fatally defective design, but remarkably, it has continued to tout its safety.[1]



**SAFETY WITHOUT COMPROMISE**

Safety isn't negotiable. The P320 maximizes peace of mind with a robust safety system including both a striker safety and a disconnect safety, and because of its innovative 3-point takedown safety, never again will you need to pull the trigger to disassemble your pistol.

---

[1] https://www.sigsauer.com/firearms/pistols/p320.html.

*Plaintiff's Original Petition*

Certified Document Number: 121716369 - Page 2 of 23

SIG's website also includes a video which highlights the "The Safety Features of the P320." In it, SIG claims that the P320 will only fire once each of the following five events occur:



This claim is demonstrably false because there have been hundreds of reported cases nationwide of the P320 discharging without the trigger ever being pulled, including this one.

6. For instance, in November of 2022, thirty-three (33) plaintiffs filed suit against SIG in the United States District Court for the District of New Hampshire claiming that their P320s discharged without the trigger ever being pulled, just as it did here.[2] In February of 2019, a class action lawsuit was also brought against SIG in the United States District Court for the Southern District of Texas, which related to the P320's propensity to "drop fire"—*i.e.*, inadvertently

---

[2] *See* Case No. 1:22-cv-00536-JL-AJ, *Fernando Armendariz and Miriam Trebino, et al. v. Sig Sauer, Inc.*, in the United States District Court for the District of New Hampshire, ECF 1. The case has since been consolidated with several others and now there are over fifty (50) plaintiffs in this consolidated proceeding. *See e.g.* ECF 86.

*Plaintiff's Original Petition*

discharge a round of ammunition when the pistol was dropped on the ground.[3] In that case, the Original Complaint references several instances when the P320 inadvertently discharged, including one where, like here, the pistol remained fully holstered and was not dropped at all.[4]

7.     The P320's propensity to "go off by itself" has also been widely reported in the press. *See e.g.*:

- Kathy McCormack, *Wounded officers sue Sig Sauer, say gun goes off by itself*, ASSOCIATED PRESS, Dec. 2, 2022, https://www.boston.com/news/local-news/2022/12/02/wounded-officers-sue-sig-sauer-say-gun-goes-off-by-itself/.

- Ashley Seats, *Milwaukee police union sues city over firearm safety concerns*, FOX6, Sept. 20, 2022, https://www.fox6now.com/news/milwaukee-police-union-lawsuit-firearm-safety-concerns.

- Derrick Rose, *MPD requested Sig Sauer install missing gun part days after first accidental shooting, emails show*, GUNS.COM, Sept. 21, 2022, https://www.wisn.com/article/mpd-requested-sig-sauer-install-missing-gun-part-days-after-first-accidental-shooting-emails-show/41322844.

- Matthew Cox, *Sig Sauer Faces $10 Million Lawsuit over P320 Pistol After Alleged Accidental Discharge Wounds Federal Agent*, MILITARY.COM, Feb. 19, 2021, https://www.military.com/daily-news/2021/02/19/sig-sauer-faces-10-million-lawsuit-over-p320-pistol-after-alleged-accidental-discharge-wounds.html.

- Champe Barton and Tom Jackson, *Popular handgun fires without anyone pulling the trigger, victims say*, THE WASHINGTON POST, Apr. 11, 2023, https://www.washingtonpost.com/dc-md-va/2023/04/11/victims-say-sig-sauer-p320-fires-on-own/.

8.     In response to the ever-growing number of incidents of the P320 unintentionally discharging, several law enforcement agencies and training academies across the country have banned further use of the P320, including the Dallas Police Department, the Marble Falls Police Department, the Milwaukee Police Department, the Washington State Criminal Justice Training

---

[3] *See* Case No. 4:19-cv-00585, *Dante Gordon, individually and on behalf of all others similarly situated v. SIG Sauer, Inc.*, in the United States District Court for the Southern District of Texas, ECF 1.

[4] *Id.*, at ¶ 30.

*Plaintiff's Original Petition*

Certified Document Number: 121716369 - Page 4 of 23

Commission, the Northern California Regional Public Safety Training Authority, SEPTA Transit Police in Philadelphia, and most recently, the Chicago Police Department. The U.S. Department of Homeland Security has also recently prohibited U.S. Immigration and Customs Enforcement (ICE) Authorized Officers from carrying the P320 as their duty weapon.

9.    Feeling this mounting pressure, SIG's PR strategy imploded. On March 7, 2025, it issued a blistering statement which wholly deflects any responsibility for the *hundreds* of instances in which the P320 has fired without a trigger pull, usually causing grave injuries to law enforcement officers, veterans, or other members of the *pro*-gun community, like it did in this case. The statement, titled "The Truth About the P320," reads in part:

> The P320 CANNOT, under any circumstances, **discharge** without a trigger pull – that is a fact. The allegations against the P320 are nothing more than individuals seeking to profit or avoid personal responsibility.
>
> Recently, anti-gun groups, members of the mainstream media, trial attorneys, and other uninformed and agenda-driven parties have launched attacks on one of SIG SAUER's most trusted, most tested, and most popular products - the P320 **pistol**.
>
> *                *                *
>
> Claims that unintended discharges are anything more than negligent handling and/or manufactured lies to support an anti-gun, anti-SIG agenda are false. Furthermore, lawsuits claiming that the P320 is capable of firing without the trigger being pulled have been dismissed in courtrooms around the country. In addition, multiple plaintiffs' so-called experts have conceded, it is not possible for the P320 to discharge unless the trigger is fully actuated.
>
> The rhetoric is high, and we can no longer stay silent while lawsuits run their course, and clickbait farming, engagement hacking grifters continue their campaign to highjack the truth for profit. Enough is enough. From the courts of law to the court of public opinion we will combat the lies and misinformation with the truth. SIG SAUER stands behind the quality, safety, and design of all our products – especially the P320.
>
> Industry, take notice; what's happening today to SIG SAUER with the anti-gun mob and their lawfare tactics will happen tomorrow at another firearms manufacturer, and then another. Today, for SIG SAUER - it ends.[5]

___
[5] https://www.sigsauer.com/blog/the-truth-about-the-p320.

*Plaintiff's Original Petition*

Certified Document Number: 121716369 - Page 5 of 23

10.    Since then, SIG has been the subject of ridicule amongst the online gun community.[6] And since then, there have been even more instances of the P320 firing without a trigger pull. One incident occurred on April 12, 2025 at the Achilles Heel Tactical gun range in Knoxville, Tennessee and was captured on video.[7] Within days, Achilles Heel Tactical issued a statement banning further use of the P320 from its classes, training center, and training events "[d]ue to the safety hazard" the P320 poses. Another incident occurred on June 24, 2025 in Ceres, California where a school resource officer was injured while her P320 remained holstered.

11.    Implicitly acknowledging the major problems with the P320's design, SIG recently (and quietly) revised the P320 operator's manual, which now advises: "THE MOST EFFECTIVE SAFETY IS TO CARRY YOUR PISTOL WITHOUT A ROUND IN THE CHAMBER, AND TO LOAD A ROUND IN THE CHAMBER ONLY WHEN READY TO FIRE."[8] Despite claiming to be the chosen firearm for military and law enforcement agencies, SIG did not bother to issue any press release or public statement for how it now advises carrying the P320 *without a round in the chamber*.

12.    CTC has also touted itself as Houston's premiere gun store, striving to serve the needs of "law enforcement, military veterans, and first responders." CTC further promised to provide "the very best equipment at the best possible price." Despite these assurances, CTC sold Officer Fernandez the defective P320 pistol that caused his severe injuries when it should have

---

[6]  *See e.g.* Brandon Herrera, *Sig is Gaslighting You*, YᴏᴜTᴜʙᴇ (Mar. 17, 2025), *available at* https://www.youtube.com/watch?v=2uHy8YOQexo (describing SIG's statement as "Olympic-level corporate gaslighting").

[7]  Achilles Heel Tactical, *SIG P320 Debrief & Statement*, YᴏᴜTᴜʙᴇ (Apr. 14, 2025), *available at* https://www.youtube.com/shorts/eN-vqtYU1C0.

[8]  SIG P320 Pistols Operator's Manual: Handling & Safety Instructions, Section 2.0.1 (Safety Mechanisms), at 5, *available at* https://www.sigsauer.com/media/sigsauer/resources/OPERATOR_S_MANUAL_P320_8501909-01_REV15_WEB_FILE_1.pdf.

*Plaintiff's Original Petition*

Certified Document Number: 121716369 - Page 6 of 23

warned unsuspecting law enforcement officers and individuals like him of the known and widely reported problems with this gun.

13.    What ends today is SIG and its sellers' deflection of responsibility for continuing to put a product on the market that they know is defective and is endangering lives.  This lawsuit seeks to compensate Officer Fernandez for the injuries he sustained as a result of SIG and it seller's failures and to impose the accountability that SIG refuses to take itself.

## II.
## DISCOVERY LEVEL

14.    Officer Fernandez respectfully requests that discovery in this case be conducted in accordance with Level 3 pursuant to Tex. R. Civ. P. 190.4.

## III.
## PARTIES

15.    Plaintiff Richard Fernandez, Jr. is a resident of the State of Texas.

16.    Defendant, Sig Sauer, Inc. ("SIG"), is a Delaware corporation with its principal place of business at 72 Pease Boulevard, Portsmouth, New Hampshire 03801-6801.  SIG is a leading global designer and manufacturer of firearms for military, law enforcement, and commercial markets.  SIG may be served through its registered agent, Cogency Global Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201, or wherever it may be found. ***Citation is requested at this time.***

17.    Defendant, CTC Gunworks LLC ("CTC"), is a domestic limited liability company conducting business within the State of Texas. The sole member of CTC is a citizen of the State of Texas. CTC may be served with process by serving its registered agent, Joshua Carl Crescenzi, at 3200 North Freeway, Houston, Texas 77009, or wherever he may be found. ***Citation is requested at this time.***

*Plaintiff's Original Petition*

Certified Document Number: 121716369 - Page 7 of 23

## IV.
## JURISDICTION AND VENUE

18.     The amount in controversy is within the jurisdictional limits of the Court.  Because Defendants conduct business in the State of Texas, the Court has personal jurisdiction over Defendants.

19.     Venue is proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(1) because it is the county in which all or a substantial part of Officer Fernandez's claims arose. Venue is also proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(3) because CTC is not a natural person and Harris County is the county of CTC's principal office in Texas.  Having established proper venue in Harris County against CTC, venue is also proper in Harris County as to SIG because the claims against CTC and SIG arise out of the same transaction, occurrence or series of transactions or occurrences.  *See* TEX. CIV. PRAC. & REM. CODE § 15.005.

## V.
## CLAIM FOR RELIEF

20.     Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Officer Fernandez seeks monetary relief of over $10,000,000.

## VI.
## FACTS

*A.    History of the SIG P320's Defects.*

21.     SIG's P320 pistol was first introduced in 2014 and received rave reviews from gun enthusiasts.  For instance, in January 2017 it won the Modular Handgun System (MMS) competition and earned a $580 million contract to supply service pistols to all branches of the U.S. military. But beginning in or around 2017, reports of the P320's unintentional discharges—whether from "drop fires" or from instances where, like here, the trigger was never pulled at all—

*Plaintiff's Original Petition*

began to surface. These early reports concluded that the pistol was defective because of the design of its trigger and sear.

22.     The Army demanded a change in the design, and SIG obliged. SIG did not, however, implement a mandatory recall of its P320. Instead, on August 8, 2017, it implemented the "P320 Voluntary Upgrade Program," which was primarily implemented to ensure the pistol was "drop safe." [9]

23.     As set forth on its website, the "no cost" Voluntary Upgrade Program "include[d] an alternate design that reduces the physical weight of the trigger, sear, and striker while additionally adding a mechanical disconnector."  On the Upgrade Program's Frequently Asked Questions page, [10] SIG answers the question of whether the P320 was safe in its current configuration:

> Yes. The P320 meets and exceeds all US safety standards. However, mechanical safeties are designed to augment, not replace safe handling practices. Careless and improper handling of any firearm can result in an unintentional discharge.

The FAQs explain that the reason for the upgrade is because "a potential discharge of the firearm may result when dropped[,]" although "it is a rare occurrence" and occurs "usually after multiple drops, at certain angles and conditions[.]" SIG further confirms that an external manual safety will not be installed as part of the upgrade.  These design "upgrades" were automatically added to the P320s manufactured after the initiation of the Voluntary Upgrade Program in 2018, but SIG has never *required* the return of any defective P320 firearm.

24.     However, even after implementing these design changes, the unintentional discharges of even the "upgraded" P320s kept occurring — even, as here, when the pistol is fully

---

[9] https://www.sigsauer.com/p320-voluntary-upgrade-program.

[10] https://www.sigsauer.com/p320-voluntary-upgrade-program#faqs.

*Plaintiff's Original Petition*

Certified Document Number: 121716369 - Page 9 of 23

holstered, not dropped, or being handled at all. On information and belief, the pertinent defects

which SIG has failed to remedy include its extremely light trigger pull and the P320's lack of any

external safeties, components which are commonly found in other duty pistols. Other design

defects, on information and belief, include but are not limited to:

    i.  SIG's design lacks a trigger safety capable of preventing unintentional discharges;

    ii.  SIG's design lacks adequate internal safety mechanisms capable of preventing unintentional discharges;

    iii.  SIG's design lacks adequate redundant safeties or similar devices capable of preventing unintentional discharges;

    iv.  SIG's design fails to prevent the movement of any internal components that would engage the P320's firing mechanism unless the trigger is first pulled; and,

    v.  SIG's design fails to use component parts of proper size, dimension, and weight so as to prevent unintentional discharges.

25.    Now, hundreds of cases nationwide have illustrated the dangerously defective

nature of the P320 because it spontaneously discharges when it is being used as intended, including

during normal carrying, holstering, un-holstering, or handling, or as in this case, when it is not

being handled at all.

**B.**     *A Defectively Designed P320 Shot Officer Fernandez on January 20, 2025.*

26.    Plaintiff Richard Fernandez, Jr. is a 34-year veteran with the Houston Police

Department. He joined HPD in 1990 and is currently a Senior Police Officer who worked on a

Crime Suppression Team in the Kingwood Division. Officer Fernandez is also a competitive rower

and enjoys exercising and working out. As a former college athlete, he takes great pride in

Certified Document Number: 121716369 - Page 10 of 23

*Plaintiff's Original Petition*

maintaining his physical fitness, for both his health and his job as a Senior Police Officer with HPD.

27.     Officer Fernandez purchased his SIG P320 pistol (the "Subject Handgun") in or around December of 2022 from CTC in Houston, Texas.

28.     On January 20, 2025, Officer Fernandez was on patrol for a "SLAB" car event taking place in advance of the Martin Luther King Jr. Day parade. At around 11:30 a.m., Officer Fernandez parked his patrol car in a middle lane on Airport Boulevard near the intersection of Martin Luther King Boulevard in an effort to divert vehicle traffic away from the MLK Day events.

29.     After Officer Fernandez parked and exited his vehicle, he walked to the passenger side door of another officer's patrol vehicle which was also blocking lanes to divert the flow of traffic. While Officer Fernandez exited the vehicle and walked the short distance to his partner's patrol vehicle, the Subject Handgun remained holstered. Officer Fernandez did not touch the Subject Handgun at all.

30.     Within a minute of approaching the other officer's vehicle, Officer Fernandez was just about to start directing oncoming cars when he heard a muffled "pop" sound. Confused, he then started to feel warmth in his right leg. He looked down, and shocked, noticed a hole in his pant leg. Blood started pouring from his right leg and ankle.

31.     After other officers wrapped Officer Fernandez's leg with three tourniquets, he was rushed to the hospital via ambulance.

32.     The bullet from the Subject Handgun shot through Officer Fernandez's right calf and lodged into his ankle. But the Subject Handgun, at all times, remained holstered. He never pulled the trigger or otherwise handled the gun.

*Plaintiff's Original Petition*

Certified Document Number: 121716369 - Page 11 of 23

33.    The severity of Officer Fernandez's injury required emergency surgery to remove the bullet.  Officer Fernandez spent three days in the hospital, and he will require ongoing medical care for ongoing treatment likely in the form of physical therapy. As a very experienced police officer, the unintentional discharge of Officer Fernandez's Subject Handgun has also caused him shame, embarrassment, and anxiety knowing that others may believe that he caused it to discharge.

## VII.
## CAUSES OF ACTION

34.    Officer Fernandez incorporates all of the allegations set out in paragraphs 1 through 33 above into each cause of action set forth below.

### A.
### Strict Liability – Design Defect
### (Against SIG as Manufacturer)

35.    SIG is engaged in the business of designing, manufacturing, marketing, advertising, selling, and distributing firearms, including the Subject Handgun.

36.    SIG placed the Subject Handgun on the market through local distributors, along with approximately 500,000 other P320 pistols.

37.    SIG's P320 pistols, including the Subject Handgun, are defective and unreasonably dangerous because they function in a manner not reasonably expected by an ordinary consumer of firearms, namely, by discharging without any handling whatsoever or anyone pulling the trigger.

38.    The Subject Handgun is defective because SIG designed the Subject Handgun in such a manner that allows the firearm to unintentionally discharge. Specifically, on information and belief, the Subject Handgun is defective in one or more of the following ways:

      i.  SIG's design lacks an external safety capable of preventing unintentional discharges;

Certified Document Number: 121716369 - Page 12 of 23

*Plaintiff's Original Petition*

ii.   SIG's design lacks a trigger safety capable of preventing unintentional discharges;

iii.  SIG's design lacks adequate internal safety mechanisms capable of preventing unintentional discharges;

iv.   SIG's design lacks adequate redundant safeties or similar devices capable of preventing unintentional discharges;

v.    SIG's design fails to prevent the movement of any internal components that would engage the P320's firing mechanism unless the trigger is first pulled; and,

vi.   SIG's design fails to use component parts of proper size, dimension, and weight so as to prevent unintentional discharges.

39.    These design defects were a producing cause of Officer Fernandez's injuries and his damages.

**B.**
**Strict Liability – Manufacturing Defect**
**(Against SIG as Manufacturer)**

40.    SIG manufactures P320 pistols, including the Subject Handgun.

41.    On information and belief, the Subject Handgun contained manufacturing defects at the time if left the possession of SIG, *i.e.*, the Subject Handgun deviated in its construction or quality from its specifications or planned output in a manner that rendered it unreasonably dangerous. The Subject Handgun was dangerous to an extent beyond that which would be contemplated by the ordinary user of the firearm with the ordinary knowledge common to the community as to the Subject Handgun's characteristics, namely because the Subject Handgun discharged without any handling whatsoever or anyone pulling the trigger.

42.    The Subject Handgun reached Officer Fernandez without substantial change in its condition.

Certified Document Number: 121716369 - Page 13 of 23

*Plaintiff's Original Petition*

43.     The Subject Handgun's manufacturing defects were a producing cause of Officer Fernandez's injuries and his damages.

**C.**
**Strict Liability – Marketing Defect**
**(Against SIG as Manufacturer)**

44.     There is a risk of harm inherent in SIG's P320 pistols, including the Subject Handgun, that arises from its intended or reasonably anticipated use—namely, that it will discharge without any handling whatsoever or anyone pulling the trigger.

45.     SIG knew, or in the exercise of ordinary care should have known, of the Subject Handgun's propensity to unintentionally discharge without any handling whatsoever or anyone pulling the trigger, yet it failed to notify or warn Officer Fernandez of the propensity, either before or after his purchase of the Subject Handgun.

46.     SIG failed, and continues to fail, to warn Officer Fernandez and the general public of the risks associated with the use and carrying of the P320 pistol, including the Subject Handgun.

47.     SIG's failure to warn and/or inform Officer Fernandez of the risk of unintentional discharges with the P320 pistol, including the Subject Handgun, were a proximate cause of Officer Fernandez's injuries and his damages.

**D.**
**Strict Liability – Design, Manufacturing, and Marketing Defect**
**(Against CTC as Seller)**

48.     CTC is engaged in the business of distributing or otherwise placing, for commercial purposes, firearms in the stream of commerce for use or consumption, including the SIG P320 pistols and the Subject Handgun.

49.     As explained above, the Subject Handgun is defective and unreasonably dangerous because it functions in a manner not reasonably expected by an ordinary consumer of

*Plaintiff's Original Petition*

Certified Document Number: 121716369 - Page 14 of 23

firearms, namely, by discharging without any handling whatsoever or anyone pulling the trigger.

50.    As explained above, on information and belief, the Subject Handgun is defective in one or more of the following ways:

   i.   SIG's design lacks an external safety capable of preventing unintentional discharges;

   ii.  SIG's design lacks a trigger safety capable of preventing unintentional discharges;

   iii. SIG's design lacks adequate internal safety mechanisms capable of preventing unintentional discharges;

   iv.  SIG's design lacks adequate redundant safeties or similar devices capable of preventing unintentional discharges;

   v.   SIG's design fails to prevent the movement of any internal components that would engage the P320's firing mechanism unless the trigger is first pulled; and,

   vi.  SIG's design fails to use component parts of proper size, dimension, and weight so as to prevent unintentional discharges.

51.    As explained above, on information and belief, the Subject Handgun contained manufacturing defects at the time if left the possession of SIG, *i.e.*, the Subject Handgun deviated in its construction or quality from its specifications or planned output in a manner that rendered it unreasonably dangerous. The Subject Handgun was dangerous to an extent beyond that which would be contemplated by the ordinary user of the firearm with the ordinary knowledge common to the community as to the Subject Handgun's characteristics, namely because the Subject Handgun discharged without any handling whatsoever or anyone pulling the trigger.

*Plaintiff's Original Petition*

52. As explained above, there is a risk of harm inherent in the Subject Handgun, that arises from its intended or reasonably anticipated use—namely, that it will discharge without any handling whatsoever or anyone pulling the trigger.

53. Moreover, in light of the numerous lawsuits and the widely reported instances of the P320 firing on its own,[11] as Houston's premiere gun store with expertise in selling firearms particularly to law enforcement, CTC knew of the material defects associated with SIG's P320 pistols, including the Subject Handgun, at the time it sold the Subject Handgun to Officer Fernandez in December of 2022. CTC knew, or in the exercise of ordinary care should have known, of the Subject Handgun's propensity to unintentionally discharge without any handling whatsoever or anyone pulling the trigger, yet it failed to notify or warn Officer Fernandez of the propensity, either before or after his purchase of the Subject Handgun from CTC.

54. CTC failed to warn Officer Fernandez and the general public of the risks associated with the use and carrying of the Subject Handgun.

55. CTC's failure to warn and/or inform Officer Fernandez of the risk of unintentional discharges with the P320 pistol, including the Subject Handgun, were a proximate cause of Officer Fernandez's injuries and his damages.

### E.
### Negligence and Gross Negligence
### (Against SIG and CTC)

56. Defendants knew—or in the exercise of ordinary care, should have known— that the Subject Handgun would be used and carried in the manner it was on the day and at the time when it spontaneously discharged, while holstered, and severely injured Officer Fernandez.

57. Accordingly, it was foreseeable that ordinary users of the Subject Handgun,

---

[11] *See supra* ¶¶ 6–8.

*Plaintiff's Original Petition*

Certified Document Number: 121716369 - Page 16 of 23

including law enforcement officers like Officer Fernandez, would be harmed by it, because of one or more of the unreasonably dangerous conditions present within the Subject Handgun, as outlined herein. It was also foreseeable that bystanders near the Subject Handgun would be catastrophically injured or killed by any unintentional discharge of it, including during use, handling, movement, assembly, disassembly, loading, or unloading, or as here, when it is holstered and carried. Such discharge was foreseeable to Defendants, as SIG had designed and manufactured the Subject Handgun in such a way as to permit such unintentional discharges.

58.     SIG knowingly embarked on a marketing campaign which misled the general public, as well as hundreds of thousands of end users including Officer Fernandez, and it continues to do so. SIG misrepresented information to law enforcement agencies across the United States, misstating or omitting critical facts known to SIG. CTC further promoted SIG's misleading marketing campaign by failing to adequately warn the public of the risks associated with the P320, including the Subject Handgun. Ultimately, Defendants' misleading marketing campaign discouraged end users, like Officer Fernandez, from searching out and/or selecting safer alternatives to the P320 pistol.

59.     Defendants had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings and instructions for, package, distribute, and sell the Subject Handgun in a reasonably safe condition so as not to present a danger to end users—including Officer Fernandez—and bystanders for whom it was reasonably foreseeable would come into contact with the Subject Handgun under ordinary circumstances.

60.     SIG breached its duties to Officer Fernandez in one or more of the following ways:

     a.  Designing the Subject Handgun in such an unreasonably dangerous and defective manner as to permit the Subject

Certified Document Number: 121716369 - Page 17 of 23

*Plaintiff's Original Petition*

Handgun to unintentionally discharge, including, on information and belief, through:

    i. A design that lacks an external safety capable of preventing unintentional discharges;

    ii. A design that lacks a trigger safety capable of preventing unintentional discharges;

    iii. A design that lacks adequate internal safety mechanisms capable of preventing unintentional discharges;

    iv. A design that lacks adequate redundant safeties or similar devices capable of preventing unintentional discharges;

    v. A design that fails to prevent the movement of any internal components that would engage the P320's firing mechanism unless the trigger is first pulled; and,

    vi. A design that fails to use component parts of proper size, dimension, and weight so as to prevent unintentional discharges.

b. Permitting the Subject Handgun to be manufactured without one or more of the foregoing conditions rectified;

c. Failing to recall the Subject Handgun as defectively designed or, alternatively, to warn of the same;

d. Manufacturing the Subject Handgun in such an unreasonably dangerous and defective manner as to permit the Subject Handgun to unintentionally discharge;

e. Failing to design and manufacture the Subject Handgun in such a way as to restrict, limit, or prevent the possibility of unintentional discharges of the Subject Handgun, even in the event of inadequate or non-existent maintenance; and,

f. Improperly assembling, inspecting, and testing the Subject Handgun, including prototypes in the design stage, such that foreseeable use could permit unintentional discharges of the Subject Handgun without remedying or warning of the risk of unintentional discharges.

Certified Document Number: 121716369 - Page 18 of 23

*Plaintiff's Original Petition*

61.    Defendants breached their duties to Officer Fernandez in one or more of the following ways:

a.  Selling the Subject Handgun in such an unreasonably dangerous and defective manner as to permit the Subject Handgun to unintentionally discharge, including, on information and belief, through:

i.  Selling the Subject Handgun without an external safety capable of preventing the unintentional discharge of the Subject Handgun;

ii.  Selling the Subject Handgun without a trigger safety capable of preventing the unintentional discharge of the Subject Handgun;

iii.  Selling the Subject Handgun with inadequate internal safety mechanisms capable of preventing the unintentional discharge of the Subject Handgun;

iv.  Selling the Subject Handgun with inadequate redundant safeties or similar devices capable of preventing unintentional discharge of the Subject Handgun;

v.  Selling the Subject Handgun without internal components that prevent the movement of any firing mechanism internal component part unless the trigger is first pulled; and,

vi.  Selling the Subject Handgun with component parts of improper size, dimension, and weight so as to prevent unintentional discharges.

b.  Making the Subject Handgun available to the general public, without adequate warning of the unreasonably dangerous and defective nature of the Subject Handgun; and,

c.  Marketing, promoting, advertising, and representing to the general public that the Subject Handgun was reasonably safe for use, carrying, handling, movement, assembly, disassembly, loading, and unloading when, in reality, basic and reasonably foreseeable use caused the Subject Handgun to unintentionally discharge;

Certified Document Number: 121716369 - Page 19 of 23

*Plaintiff's Original Petition*

62.    Defendants' above-referenced breaches directly and proximately caused the injuries suffered by Officer Fernandez.

63.    As a direct and proximate result of Defendants' negligence, Officer Fernandez was injured and suffered, *inter alia*: permanent injury, disability, disfigurement, scarring, pain and suffering, aggravation of preexisting conditions, loss of past wages, loss of future earning capacity, mental anguish, loss of enjoyment of life, and medical expenses in the care of treatment of said injuries.  All injuries are permanent within a reasonable degree of medical probability and will require future medical treatment.  Officer Fernandez will continue to suffer damages in the future.

64.    Defendants' above-referenced breaches involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others of being shot by a firearm, including the probability of harm to end users, such as Officer Fernandez, and to bystanders near the firearm. As set forth above, in light of the litigation and press attention surrounding the P320's defects, Defendants had actual awareness of this risk but proceeded with manufacturing, selling, and placing fatally defective firearms into the stream of commerce with conscious indifference to the rights, safety, and welfare of others.

**VIII.**
**ACTUAL & EXEMPLARY DAMAGES**

65.    Officer Fernandez incorporates by reference the preceding factual allegations.

66.    Defendants are liable to Officer Fernandez for actual and exemplary damages. Officer Fernandez's actual damages include:

(a)    past pain and mental anguish;

(b)    future pain and mental anguish;

(c)    past medical expenses;

Certified Document Number: 121716369 - Page 20 of 23

*Plaintiff's Original Petition*

(d)      future medical expenses; and,

(e)      past lost earnings and future lost earnings capacity.

67.      Pursuant to Texas Civil Practice and Remedies Code section 41.003, Officer Fernandez is entitled to an award of exemplary damages against Defendants because they were grossly negligent. Defendants' acts or omissions, when viewed objectively from Defendants' standpoint at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## IX.
## CONDITIONS PRECEDENT

68.      All conditions precedent to Officer Fernandez's claims for relief have been performed or have occurred.

## X.
## JURY DEMAND

69.      Officer Fernandez hereby requests a jury trial on all issues and tenders the appropriate fee.

## XI.
## DISCLAIMER OF FEDERAL CLAIMS

70.      Officer Fernandez does not seek in this lawsuit to recover any damages to which he may be entitled under any federal law. Nothing in this Petition is intended to or should be construed to assert any claims involving any federal questions.

Certified Document Number: 121716369 - Page 21 of 23

*Plaintiff's Original Petition*

## XII.
## PRAYER

Officer Fernandez requests that upon final trial, he recover a judgment against Defendants for actual and exemplary damages, pre-judgment and post-judgment interest, costs of court, and all other relief to which Officer Fernandez is entitled at law or in equity.

Dated: July 23, 2025

Respectfully submitted,

RUSTY HARDIN & ASSOCIATES, LLP

_/s/ Rusty Hardin_____
Rusty Hardin
State Bar No. 08972800
Joe Roden
State Bar No. 00794549
Kendall Valenti Speer
State Bar No. 24077954
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
rhardin@rustyhardin.com
jroden@rustyhardin.com
kspeer@rustyhardin.com

-and-

LAW OFFICE OF J. SCOTT SISCOE

J. Scott Siscoe
State Bar No. 00788426
2215 County Road 391
Pearland, Texas 77581
Telephone: (281) 640-8000
Facsimile: (281) 727-0459
siscoelaw@sbcglobal.net

**Attorneys for Plaintiff Richard Fernandez, Jr.**

Certified Document Number: 121716369 - Page 22 of 23

*Plaintiff's Original Petition*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elvira Barajas on behalf of Kendall Speer
Bar No. 24077954
ebarajas@rustyhardin.com
Envelope ID: 103498307
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 7/23/2025 3:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shannon Campbell | | scampbell@rustyhardin.com | 7/23/2025 2:43:49 PM | NOT SENT |
| Elvira Barajas | | ebarajas@rustyhardin.com | 7/23/2025 2:43:49 PM | NOT SENT |
| Linda Riley | | lriley@rustyhardin.com | 7/23/2025 2:43:49 PM | NOT SENT |
| Kendall ValentiSpeer | | kspeer@rustyhardin.com | 7/23/2025 2:43:49 PM | NOT SENT |
| Joe Roden | | jroden@rustyhardin.com | 7/23/2025 2:43:49 PM | NOT SENT |
| Rusty Hardin | | rhardin@rustyhardin.com | 7/23/2025 2:43:49 PM | NOT SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 15, 2025

Certified Document Number:       121716369 Total Pages:  23

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/23/2025 2:43:49 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 103498307
By: BRADFORD, TAIASHA N
Filed: 7/23/2025 2:43:49 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 07/23/2025    Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** CTC Gunworks LLC ("CTC")

Address of Service: 3200 North Freeway

City, State & Zip: Houston, Texas 77009

Agent (if applicable) Joshua Carl Crescenzi

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission/Texas Department of Transportation ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:

☐ **ATTORNEY PICK-UP (phone)** _____    ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**    used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**    Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____ **Phone:** _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By: Attorney/Party Name:** Rusty Hardin    **Bar # or ID** 08972800

Mailing Address: 1401 McKinney Street, Suite 2250, Houston, TX 77010

Phone Number: (713) 652-9000



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 15, 2025

Certified Document Number:        121716372 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/23/2025 2:43:49 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 103498307
By: BRADFORD, TAIASHA N
Filed: 7/23/2025 2:43:49 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 07/23/2025 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Sig Sauer, Inc. ("SIG")

Address of Service: 1601 Elm Street, Suite 4360

City, State & Zip: Dallas, Texas 75201

Agent (if applicable) Cogency Global Inc.

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    **Newspaper** _____
- [ ] **Temporary Restraining Order**    [ ] **Precept**    [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias** (not by E-Issuance)   [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**    [ ] **Highway Commission/Texas Department of Transportation ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)   [ ] **Injunction**   [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by CONSTABLE**
- [ ] **CERTIFIED MAIL by DISTRICT CLERK**
- [x] **E-Issuance by District Clerk**
    **(No Service Copy Fees Charged)**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Rusty Hardin   Bar # or ID  08972800

Mailing Address: 1401 McKinney Street, Suite 2250, Houston, TX 77010

Phone Number: (713) 652-9000

Certified Document Number: 121716371 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 15, 2025

Certified Document Number:        121716371 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/21/2025 7:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104705142
By: Kathy Givens
Filed: 8/21/2025 7:45 PM

## CAUSE NO.  2025-51394

| | | |
|---|---|---|
| **RICHARD FERNANDEZ, JR.,** | § | |
| | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SIG SAUER, INC. and CTC** | § | |
| **GUNWORKS, LLC,** | § | |
| **Defendants** | § | **61ST JUDICIAL DISTRICT** |

### DEFENDANT, SIG SAUER, INC.'S
### ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** SIG SAUER, INC., Defendant herein, and files this Answer to Plaintiff's

Original Petition and any amendments thereto, and in support shows the following:

### I.
### General Denial

1.      Defendant asserts a general denial, as authorized by Tex.R.Civ.P. 92, and Defendant denies

each and every, all and singular, the material allegations of law and fact contained in Plaintiff's

Original Petition and demands strict proof thereof.

### II.
### Affirmative Defenses

2.      Defendant would show that Plaintiff has failed to state a claim for which relief may be had.

3.      Defendant would show that Plaintiff's negligence was the sole proximate cause of the

occurrence, injuries, if any, and the damages claimed.

4.      Defendant would show that the sole proximate cause of the occurrence and the Plaintiff's

injuries, if any, were the acts of parties or non-parties, over whom the Defendant had no control

and for whose acts and/or products they are not responsible; or other events or conditions that were

Certified Document Number: 122227654 - Page 1 of 6

ClarkHill\B0940\1008516\283354169.v1-8/21/25

not under the control of or caused by the Defendant.

5.     Defendant affirmatively pleads the principles of new and independent, intervening and superseding causes and should show that the conduct of persons other than Defendant was a superseding cause of the incident made the basis of this suit.

6.     Defendant did not breach any legal duty owed to Plaintiff.  Defendant denies that Plaintiff has been damaged as alleged and to the extent alleged and denies that Plaintiff's damages were proximately caused by any action or inaction on the part of Defendant.

7.     Defendant did not commit any negligent acts that proximately caused Plaintiff's alleged injuries.

8.     Defendant has no control over the maintenance, handling, or use of its products. Defendant further states that if there was any defect or deficiency to a product manufactured by Defendant, at the time of the incident alleged, such defect or deficiency did not relate to the original design, manufacture or sale of the product or of any problems undertaken by Defendant, but on the contrary, the result is of other acts or omissions on the part of others for whom Defendant is not responsible including negligent or faulty maintenance, handling, use, or alteration.

9.     No warnings or instructions were required because any claimed danger would be apparent to an ordinary user. However, Defendant provided written warnings against the particular uses, misuses, or abuses by the Plaintiff of the firearm that is the subject of the Complaint. The warnings and instructions were sufficient to inform an ordinary user of the risk of harm. The risk of harm was one that an ordinary user would reasonably expect.

10.     The subject firearm and all component parts complied with all federal, state, and local codes, government and industry standards, regulations, specifications and statutes regarding the manufacture, sale and use of the product at all times pertinent to this action.

Certified Document Number: 122227654 - Page 2 of 6

ClarkHill\B0940\1008516\283354169.v1-8/21/25

11.     Plaintiff is not entitled to recover, or his damages may be reduced proportionally, to the extent any alleged damages or injuries were caused by the misuse, abuse, failure to properly maintain or care for the products at issue herein, or substantial modification of the product.

12.     Plaintiff cannot recover against Defendant because the design, manufacture, packaging, warning and labeling of the product described in Plaintiff's Complaint was in conformity with the generally recognized state of the art, practice, custom, and knowledge at the time such product was designed, manufactured, packaged and labeled.

13.     Plaintiff's recovery is barred, diminished or reduced to the extent that the dangers, if any, associated with the product referenced in Plaintiff's Petition were not unreasonable, were known by the Plaintiff, constituted commonly or generally known dangers, were open or obvious, and because Plaintiff was a knowledgeable user of the product.

14.     Defendant invokes the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice & Remedies Code and would show that the trier of fact should determine the percentage of responsibility for the Plaintiff; Defendants; and each responsible third party designated under Tex.Civ.Prac. & Rem. Code §33.004. In addition, Defendant invokes other applicable provisions of Chapter 33, including, but not limited to, the following:

    a.    Section 33.003, which requires the determination of the percentage of responsibility of each party and settling Defendant;

    b.    Section 33.012(a) and (b), which provides for reduction of any recovery by (1) Plaintiff's percentage of responsibility and (2) settlement credits; and

    c.    Section 33.013(a), which provides that Defendants are liable only for their percentage of the damages found by the trier of fact equal to their percentage of responsibility.

    d.    Section 33.013(b), which requires that a Defendant be greater than 50% responsible to be jointly and severally liable with other Defendants.

15.     Plaintiff's current complaints are the result, at least in part, of pre-existing medical conditions for which Defendant is not responsible. Alternatively, Plaintiff's current medical

Certified Document Number: 122227654 - Page 3 of 6

ClarkHill\B0940\1008516\283354169.v1-8/21/25

conditions are the result of or have been aggravated, at least in part, by subsequent injuries for which Defendant is not responsible.

16.     Defendant pleads that Plaintiff has failed to mitigate his damages.

17.     Defendant would show that if Plaintiff settles with any alleged tortfeasor that Defendant is entitled to any and all offsets and credits allowed under the statutory and common law of the state of Texas.

18.     Defendant invokes Section 41.0105 of the Texas Civil Practice & Remedies Code and would show that Plaintiff's recovery of medical expenses, if any, is limited to expenses which have been or will actually be paid or incurred by Plaintiff.

19.     Defendant invokes Tex.Civ.Prac. & Rem. Code §18.091. In particular, to the extent Plaintiff seeks recovery for loss of earnings or loss of future earning capacity, the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payment or unpaid tax liability.  Defendant further requests that the court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

20.     In the unlikely event Defendant is found at fault, the amount of prejudgment interest on any damages award is limited by law, and in no event, can exceed the amount set forth by §§304.001, *et seq.* of the Texas Finance Code or other applicable statutes.

21.     Defendant cannot be liable to the extent that plaintiffs' claims would interfere with Second Amendment rights.

22.     Defendant reserves the right to amend this pleading to assert exceptions, additional affirmative defenses and counterclaims in accordance with the Texas Rules of Civil Procedure.

### **RULE 193.7 NOTICE**

23.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, all parties are hereby placed

Certified Document Number: 122227654 - Page 4 of 6

ClarkHill\B0940\1008516\283354169.v1-8/21/25

on notice that any documents produced by any party (Plaintiff or Defendant), settling party and/or Responsible Third Party may be used in evidence during pretrial hearings and at trial.

## DEMAND FOR JURY TRIAL

24.     Defendant demands a trial by jury of all claims triable by jury.

For these reasons, Defendant, **SIG SAUER, INC.** prays that there be judgment in its favor and against Plaintiff, dismissing his Petition for Damages at his cost and for all other general and equitable relief to which it may be entitled.

Respectfully submitted,

CLARK HILL PLC

By:     */s/ H. Scott Alexander*
        Bijan R. Siahatgar
        Texas Bar No. 18836200
        bsiahatgar@clarkhill.com
        H. Scott Alexander
        hsalexander@clarkhill.com
        State Bar No. 00793247
        2615 Calder Avenue, Suite 240
        Beaumont, Texas 77702
        Telephone:    409.351.3800
        Facsimile:    409.351.3883
        **ATTORNEYS FOR DEFENDANT,**
        **SIG SAUER, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2025, a true and correct copy of the foregoing document was electronically filed by E-File Texas with a request for service on counsel for all parties.

*/s/ H. Scott Alexander*
H. Scott Alexander

Certified Document Number: 122227654 - Page 5 of 6

ClarkHill\B0940\1008516\283354169.v1-8/21/25

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Mann on behalf of H. Scott Alexander
Bar No. 793247
lrmann@clarkhill.com
Envelope ID: 104705142
Filing Code Description: Answer/ Response / Waiver
Filing Description: Sig Sauer's Original Answer
Status as of 8/22/2025 8:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shannon Campbell | | scampbell@rustyhardin.com | 8/21/2025 7:45:55 PM | SENT |
| Joe Roden | | jroden@rustyhardin.com | 8/21/2025 7:45:55 PM | SENT |
| Rusty Hardin | | rhardin@rustyhardin.com | 8/21/2025 7:45:55 PM | SENT |
| Kendall ValentiSpeer | | kspeer@rustyhardin.com | 8/21/2025 7:45:55 PM | SENT |
| Linda Riley | | lriley@rustyhardin.com | 8/21/2025 7:45:55 PM | SENT |
| H. Scott Alexander | | hsalexander@clarkhill.com | 8/21/2025 7:45:55 PM | SENT |
| Becky Delancy | | bdelancy@clarkhill.com | 8/21/2025 7:45:55 PM | SENT |
| Angela Lawrence | | alawrence@clarkhill.com | 8/21/2025 7:45:55 PM | SENT |
| Krista LeBlanc | | kleblanc@clarkhill.com | 8/21/2025 7:45:55 PM | SENT |
| Elvira Barajas | | ebarajas@rustyhardin.com | 8/21/2025 7:45:55 PM | ERROR |
| Lisa RMann | | lrmann@clarkhill.com | 8/21/2025 7:45:55 PM | SENT |
| Erin Pemberton | | epemberton@clarkhill.com | 8/21/2025 7:45:55 PM | SENT |
| Stephanie Salek | | ssalek@hollingsworthllp.com | 8/21/2025 7:45:55 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 22, 2025

Certified Document Number:        122227654 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**