## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RICHARD FERNANDEZ, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE NO: 4:25-CV-04007** |
| | ) | |
| **SIG SAUER, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### <u>STIPULATED PROTECTIVE ORDER</u>

Plaintiff Richard Fernandez, Jr. ("Plaintiff") and Defendant SIG Sauer Inc. ("SIG Sauer"), by and through their respective counsel, have jointly stipulated to the terms of this Protective Order, as follows:

## I.    PURPOSE AND LIMITATIONS

Discovery in this litigation could involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Such confidential and proprietary materials and information consist of, among other things, highly confidential research, design, and testing information, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, including information implicating privacy rights of third parties. Further, such confidential and proprietary materials include City of Houston confidential records relating to internal investigations conducted in connection with the incident that is the basis of this lawsuit. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections outlined herein extend only to the limited information or items

that are entitled to confidential treatment under applicable legal principles. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

Pursuant to the instructions set forth in the Southern District of Texas' Administrative Procedures for Electronic Filing in Civil and Criminal Cases, sealed documents, including Documents filed pursuant to a previously-entered protective order, are to be filed in CM/ECF, with access restricted to the Judge and authorized staff, unless otherwise ordered by the Court. Material designated Confidential in accordance with this Order shall be filed under seal.

## II.    DEFINITIONS

In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

1.    Action: *Richard Fernandez, Jr. v. SIG Sauer, Inc*., Case No. 4:25-cv-1776.

2.    "Confidential": means Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c)—specifically, Discovery Material that contains (or is derived from) trade secrets or other confidential research, development, commercial, or other non-public information of commercial value, and personal information that is protected from disclosure by statute, regulation, confidential and/or internal investigations conducted by the City of Houston and other discovery material that is otherwise entitled to protection from public disclosure.

3.    "Confidential Materials": means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

4.    "Counsel": means Outside Counsel of Record and In-House Counsel (as well as their support staff).

5.    "Disclose": means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

6.    "Designating Party": a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

7.    "Testimony": means all depositions, declarations, or other testimony taken or used in this Proceeding.

8.    "Disclosure or Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

9.    "Expert and/or Consultants": a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her support staff, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

10.    "In-House Counsel": attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

11.    "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

12.    "Outside Counsel": attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action, including support staff.

13.    "Party": any party to this Action, including all of its officers, directors, and employees.

14.     "Producing Party": a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

15.     "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

16.     "Protected Material": any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

17.     "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.    DESIGNATIONS

20.     The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work-product doctrine, or other privileges, or any Party's right to contest any such assertion.

21.     The Producing Party shall have the right to designate as "Confidential" only the non-public Documents, Testimony, or other information that the Designating Party in good faith believes is entitled to confidential treatment under this order. The Producing Party shall apply a confidentiality designation only when it has a reasonable, good faith belief that the designated information is Confidential.

22.     Any Documents, Testimony, or other information to be designated as "Confidential" must be clearly designated before the Document, Testimony, or information is

Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

        a.     For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated material, if possible (recognizing that a designation on each page may not be possible for Documents produced in native format).

        b.     For Testimony given in depositions the Designating Party must designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party. In the case of Testimony not so designated during the course of a deposition, counsel may, within ten days of receiving the deposition transcript, notify the Parties that the deposition testimony contains Confidential Confidential Information, in which case the Testimony shall be subject to the full protection of this Protective Order.

## IV.    EXERCISE OF RESTRAINT AND CARE IN DESIGNATING PROTECTED MATERIAL.

        23.     Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate or routinized designations are prohibited.

24.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party shall notify all other parties within a reasonable amount of time that it is withdrawing the mistaken designation.

25.     The inadvertent production by any of the undersigned Parties or any Non-Party of any Document, Testimony, or other information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or and such Party or Non-Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or other information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a revised copy of the subject Document, Testimony, or other information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or other information shall promptly destroy the inadvertently produced Document, Testimony, or other information and all copies thereof, or, at the expense of the Producing Party, return the inadvertently produced material together with all copies of such Document, Testimony or other information to counsel for the Producing Party and shall retain only the revised "Confidential" materials.

26.     Should the Receiving Party choose to destroy such inadvertently produced Document, Testimony, or other information, the Receiving Party shall notify the Producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

27.    In the event that counsel for a Party receiving Documents, Testimony or other information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, and shall identify (by Bates number, page and line citation, etc.) the specific Documents, Testimony or information to which each objection pertains (the "Designation Objections"). A Designation Objection will trigger an obligation on the part of the Designating Party to make a good faith determination of whether the disputed designation(s) is entitled to be treated as Protected Material pursuant to the terms of this Order. Within ten (10) business days of its receipt of such written objection, the Designating Party shall respond in writing to the Designation Objections by either agreeing to remove the "Confidential" designation or stating the Designating Party's refusal to do so. During that period, the parties will meet and confer in good faith to discuss the Designation Objections. If the Designating Party refuses to agree to remove the "Confidential" designation, the Designating Party may make written application (the "Designation Motion") to the Court for protective treatment. Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or other information at issue in such Designation Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation.

## V.    ACCESS TO CONFIDENTIAL MATERIALS.

31.    Access to and/or Disclosure of **Confidential Materials** shall be permitted only to the following persons or entities:

      a.    the Court;

      b.    (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in

the Proceeding and are not employees of any Party; (2) In-House Counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

       c.     those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

       d.     court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

       e.     any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

       f.     outside Experts and/or Consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding (provided that no disclosure shall be made to any Expert and/or Consultant who is currently employed by a manufacturer competitor of SIG Sauer), whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such Expert and/or Consultant, counsel for the Party

making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

## VI.    RETURN OR DESCTRUCTION OF CONFIDENTIAL MATERIALS

34.    After the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court), (b) certify in writing the destruction or other disposition of all Confidential Materials, or (c) as to any Documents, Testimony, or other information not addressed by way of sub-paragraphs (a) and (b), file a motion seeking a Court Order regarding proper preservation of such Materials. To the extent permitted by law, the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein. The party or parties receiving Confidential Materials shall also ensure that any person to whom they provided copies of any Confidential Materials complies with these obligations.

## VII.    POTENTIAL BREACH OF PROTECTIVE ORDER

35.    Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

a.    The Party or Parties receiving Confidential Materials shall not under any circumstances sell, offer for sale, advertise, or publicize Confidential Materials or any other information contained therein.

b.    While the Parties may receive Confidential Materials in accordance with the provisions of this Protective Order in an electronic form, such Materials may not be posted on

any website or placed in any internet-accessible document repository that is accessible to anyone other than the persons permitted to access such Confidential Materials, as noted above.

36.    If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

37.    It shall be the obligation of counsel for the non-Designating Party, upon learning of any breach or threatened breach of this Stipulation and Protective Order, to promptly notify counsel for the Designating Party of such breach or threatened breach; and any other person or entity that the Designating Party agrees to in writing.

## VIII.    INADVERTENT DISCLOSURE OF PRIVILEGED OR WORK-PRODUCT MATERIALS

36.    Separately, a party's inadvertent production of privileged Documents, Testimony, or other information shall not be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such document or other documents or communications, written or oral, including without limitation, other communications referred to in the documents produced.  Upon written request and within five (5) business days of the request, the Receiving Party shall destroy such inadvertently produced documents and confirm the destruction in writing, or shall return the inadvertently produced documents, including all copies of such documents, to the producing party.

## IX.    ADVICE OF COUNSEL

37. This Order shall not bar any attorney—in the course of rendering advice with respect to this Action to a client who is a Party—from conveying to that client a general evaluation of Protected Material produced or exchanged herein; provided, however that, in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Material if such disclosure would be contrary to the terms of this Order.

## X.    GENERAL PROVISIONS

38. Pursuant to the instructions set forth in the Southern District of Texas' Administrative Procedures for Electronic Filing in Civil and Criminal Cases, sealed documents, including documents filed pursuant to a previously-entered protective order, are to be filed in CM/ECF, with access restricted to the Judge and authorized staff, unless otherwise ordered by the Court. Material designated "Confidential" in accordance with this protective order may be filed under seal.

39. Any Party to the Action (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Action, to modify or grant relief from any provision of this Stipulation and Protective Order.

40. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

41. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise all non-Designating Parties that the designation no longer applies.

11

42.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials. A party's production of any Documents, Testimony, or other information shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility or relevance.

43.     Nothing in this Stipulation or Protective Order shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

44.     Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.      operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.      prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.      to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

ii.     to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or other information.

45.     Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this

Stipulation and Protective Order by the Party's counsel signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

46.     Any Information that may be produced by a Non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such Non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a Non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

47.     If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same to the Designating Party by electronic mail transmission within five (5) business days of receiving the Subpoena and in any event no later than seven (7) business days before the date specified for production on the Subpoena, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The

recipient of the Subpoena may not produce any Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

48.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Action is terminated.

49.     After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

50.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Dated: January 13, 2026

Respectfully Submitted,

**WILLIAMS HART & BOUNDAS, LLP**

**LITTLETON JOYCE UGHETTA & KELLY LLP**

BY: */s/ CESAR TAVARES*
CESAR TAVARES
STATE BAR NO. 24093726
ALMA J. REYES
STATE BAR NO. 24064392
ALEJANDRO SALICRUP
STATE BAR NO. 24138723
THOMAS MATTHEW HUDSON
STATE BAR NO. 24126650
8441 GULF FRWY, SUITE 600
HOUSTON, TEXAS 77017-5001
(713) 230-2200- TELEPHONE
TAVARESLITTEAM@WHLAW.COM –
E-SERVICE EMAIL

BY:   /s/ Brian Keith Gibson
Brian Keith Gibson, Esq. (*Pro hac vice*)
4 Manhattanville Road, Suite 202
Purchase, New York 10577
Ph:  914.417.3400
keith.gibson@littletonjoyce.com

-AND-

H. Scott Alexander
State Bar No. 00793247
Clark Hill PLC
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
Tel: (409) 351-3801
hsalexander@clarkhill.com

-AND-

**RUSTY HARDIN & ASSOCIATES LLP**

*Attorneys for Defendant SIG Sauer, Inc.*

By: /s/ Kendall Valenti Speer
Rusty Hardin
State Bar No. 08972800
Joe Roden
State Bar No. 00794549
Kendall Valenti Speer
State Bar No. 24077954
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Tel:  (713) 652-9000
rhardin@rustyhardin.com
jroden@rustyhardin.com
kspeer@rustyhardin.com

-AND-

J. Scott Siscoe
State Bar No. 00788426
LAW OFFICE OF J. SCOTT SISCOE
2215 County Road 391
Pearland, Texas 77581
Tel: (281) 640-8000
siscoelaw.@sbcglobal.com

*Counsel for Plaintiff Richard Fernandez, Jr.*

## EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full

name], of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Southern District of

Texas on _____ in the case of *Richard Fernandez, Jr. v. SIG

Sauer, Inc*., Case No. 4:25-cv-1776. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of Texas for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of these actions.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____