**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RICHARD FERNANDEZ, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:25-cv-04007** |
| **v.** | § | |
| | § | |
| **SIG SAUER, INC., and** | § | |
| **CTC GUNWORKS LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF RICHARD FERNANDEZ, JR.'S MOTION TO COMPEL DEFENDANT SIG SAUER, INC. TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS**

Plaintiff Richard Fernandez, Jr. moves under Federal Rules of Civil Procedure to compel Defendant Sig Sauer, Inc. to answer interrogatories and produce documents that Plaintiff requested and Sig Sauer has not provided.

## I. SUMMARY

Plaintiff's Sig Sauer P320 pistol (the "Subject Pistol") fired in its holster without anyone touching the trigger. In discovery, Sig Sauer has not answered the questions that bear most directly on why.

## II. BACKGROUND

Plaintiff served his First Set of Discovery Requests on April 27, 2026. Sig Sauer served objections and responses on June 16, 2026. Plaintiff served his Second

Set of Discovery Requests on May 28, 2026. Sig Sauer's responses were due June 29, 2026. Sig Sauer has not served any response or objection.

Plaintiff understands that the parties still dispute the production of certain discovery as outlined in this motion. Discovery closes November 30, 2026.

## III. LEGAL STANDARD

A party resisting discovery "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). An objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

## IV. DISCOVERY TO BE COMPELLED

### A. The Voluntary Upgrade Program and the Recall Decision

Plaintiff seeks four things in this part: complete answers to Interrogatories 11 and 12, and the documents requested in Requests for Production 10 and 18.

*Interrogatory 11 (answer).* Plaintiff asked Sig Sauer to identify every P320 design change, with the date, the components affected, the reason, and whether the change was safety-related. Sig Sauer answered only as to "safety-related" changes and identified one, the Voluntary Upgrade Program ("VUP"), "implemented in August 2017 to enhance the drop safety of the P320." It did not say in its answer

which components the VUP changed, it referred instead to design drawings, and it objected "to the extent it seeks further information regarding the upgrade program." The interrogatory asked for every design change, not only safety-related ones. Sig Sauer also states that "[a]ll P320 model pistols manufactured after the implementation of the upgrade program – including the Subject Pistol – contain the upgraded design as originally manufactured." *Id.*

*Interrogatory 12 (answer).* Plaintiff asked whether any recall, safety notice, technical service bulletin, or similar communication was ever issued. Sig Sauer said only that "the P320 has not been recalled because it is safe as designed and meets and exceeds relevant industry standards." Resp. to Interrog. 12. It did not say whether it has issued any safety notice, technical service bulletin, or similar communication, and it objected "to the extent that it includes the Voluntary Upgrade Program (VUP)." *Id.*

*Request for Production 10 (documents).* Plaintiff asked for all documents concerning design changes, including engineering change orders, design review meetings, and "documents explaining the reason for each change." Sig Sauer stated that it "objects to the production of documents relating to the VUP" and that information about the VUP "is available on Sig Sauer's website." Resp. to Req. for Produc. 10. It pointed to SIG-TESTING 000001, which it says contains testing surrounding the VUP and the "P320 Voluntary Upgrade Presentations," and to SIG-

TESTING 000002. It did not identify any engineering change orders, design review records, or documents explaining the reasons for the changes, and it did not say whether it is withholding them.

*Request for Production 18 (documents).* Plaintiff asked for all documents concerning actual or proposed recalls, retrofits, trade-in programs, or customer notifications. Sig Sauer repeated that "the P320 has not been recalled because it is safe as designed and meets and exceeds relevant industry standards," and identified no documents. Resp. to Req. for Produc. 18. A statement that there was no recall does not answer a request for documents about proposed recalls, retrofits, trade-in programs, or customer notifications, and Sig Sauer did not say whether any such documents exist or are being withheld.

*These documents are relevant.* Sig Sauer's stated reason for withholding the VUP documents is that Plaintiff does not allege he dropped the Subject Pistol and that it was made after the VUP. But Sig Sauer states that the Subject Pistol contains the upgraded design as originally manufactured, so what the VUP changed, and why, bears directly on the design Plaintiff challenges. Plaintiff alleges that the VUP included an alternate design that reduces the physical weight of the P320's trigger, sear, and striker and adds a mechanical disconnector, ECF 10 ¶ 26. Plaintiff also alleges that Sig Sauer negligently failed to recall the P320, *id.* ¶ 65(c), which is why Sig Sauer's recall communications and documents are relevant.

**B. The Failure Mode Analysis and the P320 Risk Assessment**

Plaintiff seeks two things in this part: a complete answer to Interrogatory 16 and the documents requested in Request for Production 19.

*Interrogatory 16 (answer).* Plaintiff asked Sig Sauer to describe any analysis, risk assessment, failure mode and effects analysis, hazard analysis, or other safety evaluation concerning the risk of unintended discharge in the P320, "including when such analysis was performed, who performed it, and what conclusions were reached." Sig Sauer's answer does not say when either analysis was performed, who performed the design risk assessment, or what the risk assessment concluded. It says the Failure Mode, Effects, and Criticality Analysis ("FMECA") "was completed as a contractual requirement by the U.S. Army in its evaluation and procurement of the P320 as the standard service weapon for the U.S. military" and "is not unique to the P320 but rather identifies risks inherent with all firearms." It also states that "[a] risk assessment was completed as part of the P320 design process," but says nothing more about it. It refers Plaintiff to "the P320 testing documents referenced in its Initial Disclosures" and to SIG-M17-FMECA 000001–000003. Resp. to Interrog. 16. Sig Sauer's responses are also unclear on who completed the FMECA.

*Request for Production 19 (documents).* Plaintiff asked for all documents concerning risk assessments, hazard analyses, failure mode and effects analyses, or other safety evaluations of the P320, including analyses of the risk of unintended

discharge. Sig Sauer produced SIG-M17-FMECA 000001–000003. It also referred to "the P320 design documents, manuals, and testing documents referenced in its Initial Disclosures," without identifying any document in them as the design risk assessment. It did not identify the P320 design risk assessment that it says was completed, and it did not say whether any responsive documents are being withheld.

Whether Sig Sauer evaluated the risk of unintended discharge in the P320, and what it concluded, goes to Plaintiff's design-defect, negligence, and gross-negligence claims. ECF 10.

**C. Prior Incidents, Claims, and Recalls**

Plaintiff seeks two things in this part: complete production on Requests for Production 8, 9, and 20, including records of dropped or impacted pistols, with a statement of whether anything is still being withheld, and a substantive response to Request for Production 21.

*Requests for Production 8, 9, and 20 (documents).* Request 8 asked for all complaints, warranty claims, field reports, customer service records, and returned product reports concerning P320 pistols, including reports of unintended discharge, accidental discharge, trigger malfunction, or safety mechanism failure. Request 9 asked for all documents concerning incidents, lawsuits, claims, or potential claims involving alleged malfunction, unintended discharge, or injury related to P320 pistols. Request 20 asked for "[a]ny and all records pertaining to previous incidents

resulting in injury or near misses with the same subject gun model." Sig Sauer objected to each request to the extent it seeks information about pistols that were dropped or impacted, and objected to Request 8 as overbroad because it covers twelve (12) years. Subject to those objections, it identified two productions: complaints filed in other actions, SIG-COMPLAINTS 000001–001456, and SIG-OAI 000001–007003, which it describes as "information in which it was alleged that a P320 pistol discharged without user intent." Resp. to Req. for Produc. 8, 9, 20. It did not say whether it is withholding records of dropped or impacted pistols, or anything else, on the basis of its objections. *See* Fed. R. Civ. P. 34(b)(2)(C). It also did not identify any warranty claims, customer service records, or returned product reports.

*Request for Production 21 (documents).* Request 21 asked for "[a]ny and all previous accident records to an equivalent subject gun model." Sig Sauer's response consists only of objections, including that the term "equivalent subject gun model" is vague, that other models are irrelevant, and an objection "to the extent it seeks information about alleged discharges due to the pistol being dropped or otherwise impacted." Resp. to Req. for Produc. 21. It identified no documents and did not say whether it is withholding any.

Plaintiff pleaded the drop-fire reports as part of the history of the same design defect. Plaintiff alleges that early reports of unintended discharges, whether from

drop fires or with no trigger pull, concluded that the pistol was defective because of the design of its trigger and sear, ECF 10, the same components addressed by the VUP.

### D. The Second Set of Discovery Requests

**Sig Sauer has not responded to the Second Set at all.**

Plaintiff served his Second Set of Discovery Requests, which include Interrogatories 18 through 25 and Requests for Production 24 through 53, on May 28, 2026. Sig Sauer's responses were due June 29, 2026. That deadline passed three months ago, and Sig Sauer has served no answers, no objections, and no documents. On September 11, 2026, Sig Sauer's counsel wrote that the responses "are being finalized and are forthcoming shortly." *See* Exhibit C. They have not been served.

## V. RELIEF REQUESTED

Plaintiff asks the Court to order Sig Sauer, within fourteen days, to:

(1) serve full, verified answers to Interrogatories 11, 12, and 16;

(2) produce all documents responsive to Requests for Production 8, 9, 10, 18, 19, 20, and 21, including VUP documents, the P320 design risk assessment, and records of dropped or impacted pistols, and state for each request whether any responsive material is still being withheld; and

(3) serve complete, verified answers to Plaintiff's Second Set of Discovery Requests, and produce all documents responsive to those requests.

Plaintiff further requests all other relief to which he may be entitled.

Respectfully submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Alejandro Salicrup*
Cesar Tavares
State Bar No. 24093726
Alma J. Reyes
State Bar No. 24064392
Alejandro Salicrup
State Bar No. 24138723
Thomas Matthew Hudson
State Bar No. 24126650
8441 Gulf Frwy, Suite 600
Houston, Texas 77017-5001
(713) 230-2200 – Tel.
(713) 643-6226 – Fax
TavaresLitTeam@whlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Under Local Rule 7.1(D), I certify that on September 5, 2026, Plaintiff sent Sig Sauer's counsel a letter identifying each deficiency raised in this motion, and that counsel for Plaintiff and counsel for Sig Sauer thereafter conferred by telephone about the letter in a good-faith effort to resolve these issues without Court action. The motion is opposed.

*/s/ Alejandro Salicrup*
Alejandro Salicrup

**CERTIFICATE OF SERVICE**

I certify that on October 1, 2026, a true and correct copy of this motion was filed with the Court and served on all counsel of record through the Court's CM/ECF system.

*/s/ Alejandro Salicrup*
Alejandro Salicrup